**Stanley A. ANTLOCER, Plaintiff—Appellant,**

v.

**UNITED STATES of America, Defendant—Appellee.**

No. 03–56427.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2004.*

Decided June 22, 2004.

Stanley A. Antlocer, Simi Valley, CA, pro se.

Gilbert S. Rothenberg, Esq., Marion E. Erickson, Washington, DC, for Defendant–Appellee.

Before: LEAVY, THOMAS and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Stanley Antlocer appeals pro se from the district court's Fed.R.Civ.P. 12(b)(1) dismissal of his complaint against the United States seeking damages and asking the court to set aside an IRS determination regarding federal income taxes owed by Antlocer. We agree with the district court

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

that it lacked subject matter jurisdiction because Antlocer was attempting to mount a judicial challenge to an "equivalent" collection due process hearing, from which no such challenge can be made under 26 U.S.C. § 6330. As the district court held, Antlocer failed to file a timely request with the Internal Revenue Service for a hearing following the notice of intent to levy, and thus Antlocer cannot appeal the IRS determination to the district court. We reject Antlocer's contention that 28 U.S.C. §§ 1331, 1340, and 1343, statutes conferring general jurisdiction, are sufficient to establish jurisdiction, because these statutes do not constitute a waiver of sovereign immunity. *See Hughes v. United States*, 953 F.2d 531, 539 n. 5 (9th Cir. 1992).

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.